AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
JUL 0 8 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 2:19-MJ-0105 KJN |
| CHRISTOPHER LOUIS WADSTEIN | ) |
|  | ) **SEALED** |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  May 16, 2018 & May 21, 2019  in the county of  El Dorado  in the  Eastern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Bradley Bilderback, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 8, 2019

_____
*Judge's signature*

City and state:  Sacramento, CA

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF ARREST WARRANT FOR**

**CHRISTOPHER LOUIS WADSTEIN**

I, Bradley Bilderback, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION

1. I make this affidavit in support of the United States' request for issuance of a criminal complaint and arrest warrant for Christopher Louis WADSTEIN, DOB: 1988, who is currently incarcerated in the El Dorado County Jail, in the State and Eastern District of California.

2. As set forth herein, there is probable cause to believe that WADSTEIN has committed violations of 18 U.S.C. § 922(g) (felon in possession of a firearm), and 21 U.S.C. § 841(a)(1) (possession with intent to distribute methamphetamine), within the Eastern District of California.

### II. AFFIANT BACKGROUND

3. I am a Special Agent with the Federal Bureau of Investigation (the "FBI"), and have been since 2004. I am currently assigned to the Sacramento Division, South Lake Tahoe Resident Agency.

4. My investigative responsibilities include investigation and prosecution of violent crimes, child exploitation, kidnappings, murders, bank robberies, drug trafficking and manufacturing, firearms violations, and fugitive matters.

5. I completed the initial four-month training course at the FBI Academy in Quantico, Virginia, in August 2004, during which I received training in investigating violations of federal laws, including firearms and narcotics crimes. Since 2004, I have also attended numerous California Narcotics Officer Association (CNOA) conferences, at which I have received additional training in narcotics investigations. In addition, I was a member of the FBI Sacramento SWAT team from 2006 to 2012, for which I received specialized training in multiple weapons systems and participated in multiple firearms and drug investigations.

6. I have been a FBI Firearms Instructor since 2016, during which I have received additional training and experience with firearms and have been called upon to assist in numerous firearms-related investigations.

7. The statements in this affidavit are based on my own investigation of, and familiarity with, this matter, as well as information provided to me by other law enforcement officers and review of

police and other investigative reports.

8. The statements in this affidavit are based on my own investigation and familiarity with this matter, as well as information provided to me by other law enforcement officers, and review of police and other investigative reports.

9. This affidavit is being submitted for the limited purpose of requesting a criminal complaint and arrest warrant. I have therefore not included each and every fact known to me concerning this investigation. I have only set forth the facts that I believe are necessary to establish probable cause to believe that WADSTEIN has violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

### III. PROBABLE CAUSE

#### A. Firearms Arrest

10. On May 13, 2018, South Lake Tahoe Police Department Officers received a report of a firearms theft from a victim's vehicle outside a hotel. Officers met with the victim, who explained to officers that he had been in the process of moving from Alaska to Santa Cruz, California, and had firearms in his vehicle for transportation to his new residence in Santa Cruz. The victim explained that he had stopped in South Lake Tahoe, on May 12, 2018 and stayed at a hotel. During the night, the firearms and ammunition were stolen from the vehicle. The victim had reported the incident to the police immediately on discovering the theft.

11. Shortly after the theft, a confidential informant ("CI")[1] being interviewed as part of an unrelated case indicated that he/she was aware of a vehicle burglary and the theft of the firearms, from the same hotel. The CI indicated that WADSTEIN had possession of the firearms and was storing them in a car WADSTEIN had rented, which the CI described to officers as a black Nissan. The CI indicated that he/she had been in the Nissan with WADSTEIN and had seen the firearms. WADSTEIN had discussed with the CI a plan to drive to Sacramento to use the firearms as possible payment in a narcotics transaction.

---

[1] Through surveillance, officers corroborated the CI's information regarding the rented Nissan and found it to be accurate, as described below. The CI provided information in this investigation after having been arrested on unrelated charges. The CI is cooperating in the hopes of receiving credit in the CI's own criminal matter, but law enforcement agents have made no promises regarding what potential benefit the CI could expect to receive. The CI is aware, however, that the best possible means to receive any benefit requires the CI to be completely truthful in the information he/she provides.

AFFIDAVIT                                                         2

12. On May 15, 2018, officers obtained a warrant for the precise location information for WADSTEIN'S cellular telephone. The following morning, the telephone's location data indicated that it was at an address on Patricia Circle, in South Lake Tahoe. Later that day, officers drove to Patricia Circle and saw a black Nissan Sentra (matching the CI's description of WADSTEIN's rented car) parked on a vacant lot. Using the license plate, officers checked the car's registration information and found that it belonged to Enterprise Rent-a-Car. A later inquiry to Enterprise Rent-a-Car indicated that WADSTEIN had rented the car in his own name.

13. At the time officers were surveilling the Nissan Sentra, they did not see WADSTEIN in the area, and no one touched the vehicle. Officers secured a search warrant for the Nissan Sentra and found in it five firearms (see table below), as well as ammunition. Officers were later able to show the firearms recovered from WADSTEIN's car to the burglary victim, who confirmed that they belonged to him. The victim was also able to identify the ammunition has having been stolen from his car because it was affixed to a unique leather belt. The victim indicated that he had not given anyone else permission to have any of his firearms or ammunition. When officers showed the victim a picture of WADSTEIN, he indicated that he did not recognize him.

| Firearms recovered from the Nissan Sentra | | |
|---|---|---|
| | Make/model | Serial # |
| 1. | Uberti Model 1873; 38/40 caliber revolver | J01238 |
| 2. | Ruger Single Six; 22 caliber revolver | 490927 |
| 3. | Luger S42 9mm semiautomatic pistol | 1938 |
| 4. | Colt Peacemaker 22 caliber revolver | G26308 |
| 5. | Colt 1911 semiautomatic pistol | C225634 |

14. Based on the foregoing information, officers arrested WADSTEIN. Following his arrest, officers read WADSTEIN his *Miranda* rights, and he agreed to be interviewed without an attorney present. During that conversation, WADSTEIN admitted to possessing the firearms and knew that they were in his car. He told officers that he had not stolen the firearms himself, and "they fell into my

AFFIDAVIT                                        3

motherfucking lap." While WADSTEIN declined to say who had given them to him, he indicated that at one point he had been in possession of twelve guns (the number of weapons reported stolen from the victim's car), but that he had disposed of several of them already. He indicated that at least some of the firearms of which he had disposed were rifles.

15. At the time of his arrest, WADSTEIN was a convicted felon who is prohibited from owning a firearm. A review of his criminal history indicates the following felony convictions:

  a) August 16, 2010 – Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in El Dorado County, California

  b) August 16, 2010 – Evading a Police Officer: Disregard Safety, in violation of California Vehicle Code Section 2800.2(a), in El Dorado County, California.

  c) September 20, 2012 – Evading a Police Officer: Disregard Safety, in violation of California Vehicle Code Section 2800.2(a), in El Dorado County, California.

**B.  Methamphetamine Arrest**

16. The El Dorado County District Attorney's Office charged WADSTEIN with, among other counts, being a felon in possession of a firearm, in violation of California Penal Code Section 29800(a)(1).

17. Prior to his preliminary hearing on these charges, however, WADSTEIN posted bail but then fled. He failed to appear for subsequent court proceedings. On September 19, 2018, the El Dorado Superior Court issued an arrest warrant, charging WADSTEIN with failing to appear.

18. Approximately six months later, on May 19, 2019, the Bismarck Police Department, in Bismarck, North Dakota, issued a bulletin to the South Lake Tahoe Police Department, indicating that they had received information that WADSTEIN had been in North Dakota, but they believed he was driving to California, with the intention of collecting narcotics, to then sell once he returned to North Dakota. WADSTEIN was, at the time, a fugitive from his charges in El Dorado County, with a bench warrant out for his arrest.

19. The bulletin indicated that WADSTEIN was driving a red Dodge pickup truck, bearing North Dakota license plate "617 CLD." Several license plate readers ("LPR") in the Sacramento region recorded the pickup truck being in the area, and photographs retrieved by the LPRs confirmed that it was

AFFIDAVIT 4

in fact a red pickup truck of the same model reported by the Bismarck Police Department's bulletin.

20. On May 21, 2019, the El Dorado Superior Court issued a search warrant authorizing law enforcement to obtain location data for a cellular phone known to be used by WADSTEIN. On that day, location data indicated that WADSTEIN's cellular phone was in the area of South Sacramento County. Law Enforcement responded to the area and officers were able to spot WADSTEIN getting into the red pickup truck. Officers were unable to follow him immediately, but precise location data indicated that WADSTEIN was driving on Highway 50, toward El Dorado County.

21. Once WADSTEIN entered El Dorado County, a fully marked El Dorado County Sheriff's Office patrol car activated its emergency lights and siren in an attempt to stop WADSTEIN. WADSTEIN failed to yield, and proceeded to lead law enforcement in a high-speed vehicle pursuit. During the pursuit, WADSTEIN tried to evade police officers with erratic and dangerous driving, reaching speeds in excess of 100 mph on surface roads and trying to ram law enforcement vehicles.

22. A California Highway Patrol fixed wing aircraft followed the pursuit along with news media helicopters. At one point, WADSTEIN collided with a civilian vehicle, flattening one of his tires, causing the pickup truck to catch on fire. The fire forced WADSTEIN to stop and jump out of the truck, which became engulfed in flames. (See "before & after" photos, below.) He fled on foot, but officers quickly located him and took him into custody.

 

23. Approximately 15 to 30 minutes after WADSTEIN's arrest, officers reviewing video of the police chase observed WADSTEIN flee from his truck after it had caught fire. The video shows

AFFIDAVIT 5

1 WADSTEIN jump out of the truck and scatter a large
2 quantity of a white colored substance on the ground as
3 he ran. (See picture, right).

4    24.   Officers who were still present on the
5 scene, while the pickup truck was engulfed in flames,
6 inspected the ground where the video had shown
7 WADSTEIN scatter the white substance (see picture,
8 below left).  They located and collected approximately
9 335 grams of white/clear shards of a crystalline
10 substance WADSTEIN had discarded (see picture,



11 below right).  Officers later tested the shards and found them to be presumptively positive for the
12 presence of methamphetamine.





## IV.    REQUEST TO SEAL

25.    It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of the criminal complaint and arrest warrant, including this application, as well as the arrest warrant itself.  I believe that sealing these document is necessary because the criminal complaint and warrant are relevant to an ongoing investigation into the criminal organization described herein, as not all of the targets of this investigation will be arrested or searched at this time.  Based upon my training and experience, I have learned that criminals actively search for

criminal affidavits and warrants via the internet, and disseminate them to other criminals as they deem appropriate, e.g., post them publicly online. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness, including by causing co-conspirators to flee, destroy or otherwise alter evidence, or to notify confederates.

## V.   CONCLUSION

26.   Based on the foregoing, there is probable cause to believe that while in Sacramento and other counties, all in the State and Eastern District of California, Christopher Louis WADSTEIN, violated Title 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 922(g)(1), and, based thereon, I request that the Court issue a criminal complaint and arrest warrant.

Respectfully submitted,

Bradley J. Bilderback
Special Agent
FBI

Subscribed and sworn to before me on: July 8, 2019

Hon. Kendall J. Newman
U.S. MAGISTRATE JUDGE

Approved as to form by AUSA James R. Conolly

## *United States v. Christopher Louis Wadstein*
## Penalties for Criminal Complaint

**Defendant**
**Christopher Louis WADSTEIN**

### 18 U.S.C. § 922(g)(1) – Felon in possession of a firearm

| | |
|---|---|
| Maximum Penalties on each count: | Up to 10 years in prison; or Fine of up to $250,000; or both fine and in prison Supervised Release of up to 3 years |
| Special Assessment: | $100 (mandatory on each count) |

### 21 U.S.C. § 841(a)(1) – Possession with intent to distribute methamphetamine

| | |
|---|---|
| Maximum Penalties: | Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years up to life |
| Special Assessment: | $100 (mandatory on each count) |

<u>*United States v. Christopher Louis Wadstein*</u>
**Penalties for Criminal Complaint**

2:19 - MJ : 0105    KJN

**Defendant**
**Christopher Louis WADSTEIN**

| 18 U.S.C. § 922(g)(1) – Felon in possession of a firearm |
|---|
| Maximum Penalties on each count: Up to 10 years in prison; or Fine of up to $250,000; or both fine and in prison Supervised Release of up to 3 years |
| Special Assessment: $100 (mandatory on each count) |

| 21 U.S.C. § 841(a)(1) – Possession with intent to distribute methamphetamine |
|---|
| Maximum Penalties: Up to 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years up to life |
| Special Assessment: $100 (mandatory on each count) |