UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-CR-00118-TLN |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| CHRISTOPHER LOUIS WADSTEIN, | |
| Defendant. | |

Based upon the Motion and Application for a Preliminary Order of Forfeiture filed by the United States of America, and for the reasons stated at bar, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Indictment in this case charged defendant Christopher Louis Wadstein with Felon in Possession of Firearm in violation of 18 U.S.C. § 922(g)(l) and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 84l(a)(l). The Indictment sought to forfeit all property that "constitutes or is derived from proceeds obtained directly or indirectly," connected to the criminal drug offense pursuant to 21 U.S.C. § 853(a). The United States filed a Bill of Particulars identifying the Approximately $9,849.74 in U.S. Currency as property the United States seeks to forfeit "pursuant to the forfeiture provision contained in the Indictment."

2. On or about December 8, 2022, defendant Christopher Wadstein pleaded guilty to being a felon in possession of firearm and possession with intent to distribute methamphetamine, counts one and

1

two of the Indictment.  *See* Dkt. 64.

      3.     On June 27, 2023, the United States filed a Motion and Application for Preliminary Order of Forfeiture to forfeit:  Approximately $9,849.74 in U.S. Currency (seeking forfeiture pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(a)).

      4.     Pursuant to 21 U.S.C. § 853(a), defendant Christopher Louis Wadstein's interest in the following property is hereby condemned and forfeited to the United States, to be disposed of according to law:

          a.     Approximately $9,849.74 in U.S. Currency, plus any accrued interest.

      5.     The above-listed property constitutes property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of 21 U.S.C. § 841(a)(1), and/or represents proceeds of a violation of 21 U.S.C. § 841(a)(1), as represented by defendant Christopher Louis Wadstein's guilty plea to Count Two of the Indictment.  *See* Docket 64 and 67.

      6.     Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property.  The aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

      7.     a.     Pursuant to 21 U.S.C. § 853(n) and Local Rule 171, the United States shall publish notice of the order of forfeiture.  Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

          b.     This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

      8.     The United States is authorized to conduct appropriate discovery and to conduct any necessary ancillary proceedings as provided by 21 U.S.C. § 853(n) as to the rights of third parties who

may have an interest in the property forfeited herein.

9. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a), in which all interests will be addressed.

10. The Court also notes Defendant has not filed an opposition to the Government's motion. To the extent the parties have further disputes on the issue of forfeiture, the parties may raise those arguments in their briefing prior to sentencing. *See* Fed. R. Crim. P. Rule 32.2(b)(2)(B) ("Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant").

For the foregoing reasons, the Court GRANTS the Government's Motion for Preliminary Order of Forfeiture. (ECF No. 71.)

IT IS SO ORDERED.

Dated:  July 10, 2023

Troy L. Nunley
United States District Judge